IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARREL D. TURK, § | | |
| TDCJ #1124638, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-3756 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER ON DISMISSAL

Darrel D. Turk is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge a state court felony conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **dismissed** because it is apparent that the petitioner has failed to exhaust available state court remedies.

## I.    BACKGROUND

Turk reports that he was convicted on August 27, 2002, by a jury in a Harris County district court, of two counts of aggravated robbery in cause numbers 896819 and 896820. As a result, Turk was sentenced to twenty-five years in prison. An intermediate appellate court affirmed the conviction on January 14, 2004. *See Turk v. State*, Nos. 04-02-00743-CR

& 04-02-00744-CR, 2004 WL 56920 (Tex. App. — San Antonio Jan. 14, 2004). Turk did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Turk now seeks federal habeas corpus relief from his state court conviction.[1] A review of the pleadings shows, however, that the state courts have not yet completed their review of his conviction. Turk indicates that he has filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, raising a claim of actual innocence, among others. Turk provides no information about when he filed his state habeas application. However, he concedes that this application remains pending before the Texas Court of Criminal Appeals. Thus, it is evident that Turk has not yet exhausted all of his state court remedies as required before seeking federal habeas corpus relief.

## II.     **EXHAUSTION OF REMEDIES**

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b). The doctrine of exhaustion reflects a policy

---

[1]     The Clerk's Office received Turk's undated, unsigned federal habeas corpus petition on October 31, 2005. It is post-marked October 28, 2005.

of federal/state comity. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). Exhaustion of state remedies is so important that federal courts may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *see also Baldwin v. Reese*, 540 U.S. —, 124 S. Ct. 1347, 1351 (2004). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

In this instance, one of Turk's main contentions is that he is actually innocent. Comity requires that the state courts have the first opportunity to review these claims. It is plain from the pleadings that the Texas Court of Criminal Appeals has not yet decided the issues raised in the pending petition. Turk concedes that he has not completely exhausted his state court remedies, and he has filed a motion for leave to do so in state court. (Docket Entry No. 2). Because Turk indicates that the Texas Court of Criminal Appeals is presently

considering his state habeas application, his request is moot. As the petitioner does not demonstrate that he has satisfied any exception to the exhaustion doctrine, it follows that the petition is premature and must be dismissed without prejudice for failure to exhaust available state remedies.

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV. CONCLUSION

4

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. The petitioner's motion for leave to exhaust his remedies in state court (Docket Entry No. 2) is **MOOT**.

3. A certificate of appealability is **DENIED**.

The petitioner is reminded that federal habeas corpus petitions are governed by a one-year statute of limitations, *see* 28 U.S.C. § 2244(d), and that he must diligently pursue federal habeas corpus relief once he has completed his state court proceedings.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **November 9, 2005.**

Nancy F. Atlas
United States District Judge